### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**CALEB QUINN NEELS**                                                                           **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 3:06CV-P-168-H**

**KELLY HAMILTON** *et al*.                                                    **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). As explained below, there are several defects in the complaint that require dismissal.

### I. SUMMARY OF COMPLAINT

Plaintiff, Caleb Quinn Neels, a pretrial detainee in the Louisville-Jefferson County Metro Corrections facility, has filed this civil rights action under 42 U.S.C. § 1983 against Police Officer Kelly Hamilton, Police Sergeant D. Alfred, and Police Sergeant A. Bottoms. Plaintiff indicates that he is suing Officer Hamilton in his official capacity only. However, he did not check either the official or individual capacity box on the form complaint for Defendants Alfred or Bottoms.

In the "statement of claim" section of his complaint, Plaintiff states that "on the above date[1]" Officers Hamilton and Bottoms "assaulted" Plaintiff as they attempted to arrest him. Plaintiff claims that although he was not resisting the arrest,[2] the Officers "continually hit [his]

---

[1] The Court is uncertain what date Plaintiff is referencing as no other date is listed on this page of his complaint. There are only two other dates listed in the entire complaint, November 1, 2005, and February 5, 2006, the dates Plaintiff alleges that he filed grievances with prison officials.

[2] Although Plaintiff claims that he was not resisting arrest, he also notes that an ambulance was dispatched to the arrest to scene to attend to the officers' scraped knees and elbows.

head on the concrete causing [a] big bump on [his] forehead" and twisted his arm until his elbow broke. Plaintiff claims that the injury to his arm "will make it hard for me to do my job as a bricklayer when I'm released."

Also, under the "State Correctional Facility Grievance Procedures" section of the form complaint,[3] Plaintiff states that on February 5, 2006, he filed a grievance "that sewage was leaking onto the floor of bathroom in Dorm 2 on the A side. It has been causing Headaches and is a Health Hazard to me and other inmates." However, Plaintiff does not mention anything about the drainage problem in the "statement of claim" section of his complaint.

Finally, Plaintiff left the "relief" section of the form complaint entirely blank.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of

---

[3]It is unclear why Plaintiff completed this section of the form complaint since it appears that at all times relevant to the complaint, Plaintiff was housed as pretrial detainee in a county, not state, facility.

the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

### III. ANALYSIS

**A.  Failure to request relief**

As noted above, Plaintiff left the relief sought section of his form complaint entirely blank, and his complaint gives no indication whatsoever of the amount or type of relief sought by Plaintiff. Federal Rule of Civil Procedure 8(a)(3) states that every pleading shall contain "a demand for judgment for the relief the pleader seeks." This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Here, Plaintiff entirely failed to pled one of the essential elements of every case, the relief sought. "This Court finds the absence of any specific or particular relief in the plaintiff's complaint to be problematic, because the complaint fails, in any manner, to put the named defendants on notice of the claim or claims being asserted against them, which is a basic requirement of any civil suit, even one undertaken by a *pro se* litigant." *West v. Reynolds*, No. 05-CV-198-KSF, 2005 U.S. Dist. LEXIS 29391, at *5-6 (E.D. Ky. Nov. 23, 2005). The absence of any relief requested by Plaintiff is therefore fatal to his complaint.

The Court notes that on April 26, 2006, Plaintiff wrote the Court a letter in which he states: "Also, I may have failed to mention the amount of damages I will be seeking from the Louisville

3

Metro Police Department in the amount of $500,000.00 and Louisville Metro Corrections for the amount of $500,000.00." Even if the Court were to consider Plaintiff's letter as motion to amend, it would not save his complaint. Sixth Circuit case law is clear that "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).

**B.     Failure to identify any constitutional violation**

Not only does Plaintiff fail to identify any relief sought, he also fails to identify any constitutional right that Defendants allegedly violated. While it is true that Plaintiff has described the conduct at issue, he has failed identify any right that this conduct allegedly violated.[4] Again, the Court recognizes that Plaintiff is proceeding *pro se* and that his pleading should not be held to the same standard as an attorney. However, the Court is not required to create a claim for Plaintiff. Fed. R. Civ. P. 8(a)(2); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To require such would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Plaintiff's failure to identify any constitutional right Defendants allegedly violated also merits dismissal of his complaint.

**C.     Failure to identify policy or custom**

Finally, even if Plaintiff had requested relief and identified an alleged constitutional violation in his complaint, his complaint would still fail to state a claim because he has not alleged that Defendants acted pursuant to a policy or custom of municipal government.

---

[4]The instruction contained in the form complaint that Plaintiff filled out even states: "identify the constitutional right(s) you allege was/were violated."

4

Plaintiff states that he is suing Defendant Hamilton in his official capacity. However, Plaintiff fails to specify in which capacity he sues either Defendant Alfred or Defendant Bottoms. It is the plaintiff's affirmative duty, however, to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendants Bottoms and Alfred are being sued in their individual capacities. Defendant Alfred is mentioned only in the "parties" section of Plaintiff's complaint. Since Plaintiff does not ascribe any conduct to Defendant Alfred, the Court concludes that Plaintiff did not intend to assert any individual capacity claims against Defendant Alfred. As for Defendant Bottoms, the Court notes that in the "statement of claim" section of his complaint, Plaintiff describes Bottoms and Hamilton as acting together. The Court cannot see why Plaintiff would intend to treat Defendant Bottoms any differently than Defendant Hamilton. Since Plaintiff sued Defendant Hamilton is his official capacity only, it would stand to reason that Plaintiff intended to sue Bottoms only in his official capacity as well. Thus, absent indication to the contrary, the Court must presume that Defendants Alfred and Bottoms are being sued in their official capacities only. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against the municipality -- Louisville-Metro. When a § 1983 claim is made against a

5

municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

As for the first element, the Court has already concluded that Plaintiff has failed to identify any alleged constitutional violations. Plaintiff has also failed to properly allege that the municipality is responsible for the conduct complained of in his complaint. "A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). For purpose of initial review, it suffices to allege that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, there are no allegations from which the Court may infer that a municipal policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights. The

complaint simply does not support a § 1983 claim against Defendants in their official capacities.

Accordingly, for the reasons set forth above, the Court will dismiss Plaintiff's claims against Defendants, for failure to state a claim on which relief may be granted against Defendants in their official capacities.

The Court will enter an order that is consistent with this memorandum opinion.

Date:

cc: Plaintiff, *pro se*
    Jefferson County Attorney

4412.008